# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. MUMMA, II, | : | Civil No. 1:19-CV-01194 |
| Appellant, | : | |
| v. | : | |
| DOUBLE M DEVELOPMENT, *et al.*, | : | |
| Appellees. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an appeal from four orders entered by the United States Bankruptcy Court for the Middle District of Pennsylvania. Before the court are two motions to dismiss the appeal. The first motion argues that the appeal should be dismissed because Appellant Robert M. Mumma, II ("Mumma") filed it pro se despite being represented by counsel. The second motion argues that the appeal should be dismissed because Mumma failed to abide by the rules governing bankruptcy appeals. For the reasons that follow, both motions to dismiss are denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2017, Mann Realty Associates, Inc. ("Mann Realty") filed for Chapter 11 bankruptcy.[1] *In re Mann Realty Assocs., Inc.*, No. 1:17-BK-01334 (Bankr. M.D. Pa. Mar. 31, 2017).[2] The bankruptcy proceeding was subsequently converted from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy on January 25, 2018. (Bankr. Doc. 269.)

On April 13, 2017, one of the creditors in the bankruptcy proceeding, Double M Development ("Double M"), filed a motion for relief from the automatic stay of litigation under 11 U.S.C. § 362.[3] (Bankr. Doc. 11.) Double M's motion was based on an option contract that it had exercised for the purchase of 35.12 acres of real estate from a trust owned by Mumma in 1996. (*Id.* ¶ 8.) The trust allegedly refused to comply with the option contract, leading Double M to initiate an equity proceeding to enforce the contract in the Dauphin County Court of Common Pleas. (*Id.*) While the equity proceeding was ongoing, the real estate in question was transferred to Mann Realty. (*Id.* ¶ 12.) The equity proceeding was

---

[1] As United States District Judge John E. Jones, III has noted in a previous appeal, this case has a very complicated and detailed procedural history, which includes a relevant procedural history in Pennsylvania state court going back nearly 25 years. *Mann Realty Assocs., Inc. v. Double M Dev.*, No. 1:17-CV-01225, 2017 WL 6508809, at *1 n.1 (M.D. Pa. Dec. 20, 2017). In the interest of brevity and clarity, the court will only provide the factual and procedural history that is relevant to the instant motions to dismiss.

[2] Citations to the record of the underlying bankruptcy case shall be in the following format in this opinion: (Bankr. Doc. 1 at 1.).

[3] 11 U.S.C. § 362 provides that all judicial proceedings filed against a debtor are automatically stayed upon the debtor's filing for bankruptcy.

still proceeding through a series of decisions and appeals in the Pennsylvania state court system when Mann Realty filed for bankruptcy in 2017. (*Id.* at 2–7.) Double M argued that the procedural history of the state court litigation provided sufficient cause to lift the automatic stay of litigation under 11 U.S.C. § 362. (*Id.* at 7–9.)

On May 11, 2017, following a hearing on Double M's motion, the bankruptcy court granted the motion in part, lifting the stay and allowing the equity proceeding in Pennsylvania state court to proceed. (Bankr. Doc. 46.) Mann Realty filed a motion for reconsideration of the bankruptcy court's order on May 24, 2017, which the court denied on June 29, 2017. (Bankr. Docs. 50, 67.) Mann Realty then appealed the denial of the motion for reconsideration to the district court. (Bankr. Doc. 81.) The appeal was ultimately denied by an order from Judge Jones. (Bankr. Doc. 236.)

On October 17, 2017, Mann Realty initiated an adversarial proceeding in connection with the underlying bankruptcy proceeding against Double M.[4] (Bankr. Doc. 181.) The complaint in the adversarial proceeding alleged that Double M had willfully violated the bankruptcy court's order lifting the automatic stay of the Pennsylvania state court litigation. (*Id.* at 1.) Specifically, Mann Realty alleged that about a month after the bankruptcy court's order lifting the

---

[4] The adversarial proceeding is docketed at *Mann Realty Assocs., Inc. v. Double M. Dev.*, 1:17-AP-00172 (Bankr. M.D. Pa. filed Oct. 17, 2017). Citations to the docket in the adversarial proceeding will take the following form: (Adv. Doc. 1 at 1.)

3

automatic stay, Double M had noticed a parcel of land for a sheriff's sale that was owned by Mann Realty and that was not at issue in the ongoing state court litigation. (*Id.* at 3.) Mann Realty argued that such a sale contravened the terms of the bankruptcy court's order, which only lifted the stay as to the ongoing state court litigation. (*Id.* at 3–4.)

On January 26, 2018, Markian R. Slobodian ("the Trustee") was appointed to serve as the Chapter 7 Trustee in the bankruptcy proceeding. (Bankr. Doc. 272.) The Trustee subsequently filed a motion for private sale of a 109.65-acre property ("the quarry property") that Mann Realty owned in Dauphin County, Pennsylvania. (Bankr. Doc. 387.) The Trustee amended the motion on November 21, 2018, providing, among other things, details of the quarry lease that had applied to the property. (Bankr. Doc. 489.)

On February 6, 2019, the quarry property was put up for public auction. (Bankr. Doc. 604 at 3 [hereinafter "the sale order"].) Byler Holdings, LLC ("Byler") won the auction with a bid of $5,050,000.00. (*Id.*) The bankruptcy court approved the Trustee's motion to sell the property on May 22, 2019, approving the sale of the quarry property to Byler for $5,050,000.00. (*Id.* at 4.)

Mumma filed a motion for reconsideration of the sale order on June 4, 2019. (Bankr. Doc. 609.) Three days later, he moved to stay the sale. (Bankr. Doc. 612.) The court denied both motions on June 27, 2019. (Bankr. Docs. 632–33.)

4

While litigation on the sale of the quarry property was ongoing in the underlying bankruptcy proceeding, the adversarial proceeding that Mann Realty had filed against Double M continued. On May 21, 2019, however, the Trustee filed a motion to withdraw the adversarial proceeding, noting that he saw "little benefit to the estate" in pursuing the adversarial proceeding, along with substantial risk to the estate. (Adv. Doc. 24 at 2.) The bankruptcy court granted the Trustee's motion to withdraw the adversarial proceeding on June 27, 2019, and dismissed the proceeding. (Adv. Doc. 39.)

Mumma filed the instant appeal on July 11, 2019, appealing (1) the sale order (Bankr. Doc. 604 at 3); (2) the order denying the motion for reconsideration of the sale order (Bankr. Doc. 632); (3) the order denying the motion to stay the sale (Bankr. Doc. 633); and (4) the order granting the motion to withdraw the adversarial proceeding (Adv. Doc. 39). (Doc. 1.)

Following Mumma's appeal, Double M and the Trustee filed motions to dismiss. (Docs. 2, 10.) Double M's motion argues that the appeal should be dismissed because Mumma filed it pro se despite being represented by counsel. (Doc. 2.) The Trustee's motion argues that the appeal should be dismissed because Mumma failed to abide by the rules governing bankruptcy appeals. (Doc. 10.) These motions are analyzed below and ultimately denied.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1334, which grants district courts original jurisdiction over bankruptcy proceedings. 28 U.S.C. § 1334; *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 665 (2015).

## DISCUSSION

### A. Double M's Motion to Dismiss Is Denied

In its motion to dismiss, Double M argues that the appeal should be dismissed because it was filed by Mumma pro se while he was still represented by Attorney Paul J. Winterhalter in the underlying bankruptcy proceeding. (Doc. 3 at 2–3.) Such a filing, according to Double M, renders the appeal null since it violates rules against hybrid representation. (*Id.*) Double M further argues that any additional appeals of the orders at issue in this case would be untimely. (*Id.* at 3–4.) Finally, Double M argues that Mumma's appeal is part of a pattern of filing frivolous and repetitive actions against Double M to delay the sale of the quarry property, and asks the court to bar Mumma from filing future appeals pro se unless he is given leave of the court to do so. (*Id.* at 4–6.)

On July 23, 2019, Chief United States District Judge Christopher C. Conner issued an order requiring Attorney Winterhalter to file a brief in opposition to Double M's motion on Mumma's behalf. (Doc. 5.) Mumma's brief was then filed through counsel on July 26, 2019. (Doc. 7.)

In his counseled brief in opposition to Double M's motion to dismiss, Mumma argues that contrary to Double M's arguments, Mumma's appeal is not likely to affect the finality of the quarry sale since the bankruptcy court denied Mumma's request to stay the effectiveness of the sale. (Doc. 7 at 5–6.) Mumma then argues that his filing of the appeal while he was represented by counsel in the bankruptcy proceeding does not constitute impermissible hybrid representation since the appeal is a wholly separate proceeding from the underlying bankruptcy case. (*Id.* at 6–7.)

Double M filed a reply brief on August 1, 2019. (Doc. 8.) Double M acknowledges that the bankruptcy court did not stay the effectiveness of the quarry sale, but argues that the appeal could nonetheless affect the finality of the sale since all avenues of litigation regarding the sale have not been exhausted. (*Id.* at 3.) Double M then reiterates its argument that Mumma's filing of the appeal constitutes impermissible hybrid representation. (*Id.* at 4.)

Double M is correct that a party in a lawsuit does not have the right to proceed through "hybrid representation,"—in which the party files motions and briefs both through his counsel and pro se. *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012). Nevertheless, while hybrid representation in federal court is generally disfavored, the decision of whether to allow hybrid representation in a particular case is left to the sound discretion of the district court. *See, e.g.*, *United*

7

*States v. Parkin*, 319 F. App'x 101, 105 (3d Cir. 2009); *United States v. McKnight*, No. 10-CV-00121, 2012 WL 12871825, at *1 n.1 (E.D. Pa. Nov. 26, 2012) (citing *United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3d Cir. 2006)).

In this case, it is undisputed that Mumma was represented by Attorney Winterhalter in the underlying bankruptcy proceeding at the time he filed the appeal. What is less clear, however, is whether and to what extent Attorney Winterhalter represented Mumma for purposes of the appeal. Although Attorney Winterhalter filed a brief on Mumma's behalf in opposition to Double M's motion to dismiss, he did so only after being ordered to do so by Chief Judge Conner. (Doc. 7.) After filing that brief, Attorney Winterhalter did not file any more documents in the case until January 21, 2020, when he filed a motion to withdraw from the case. (Doc. 20.)[5]

Muddying the waters even further, Attorney Winterhalter filed a motion to withdraw as Mumma's counsel in the underlying bankruptcy proceeding shortly after Mumma filed the appeal to this court. (*See* Bankr. Doc. 643.) Attorney Winterhalter explained the reasons for his motion as follows:

> Issues have arisen between Mr. Mumma and the Offit Kurman law firm which interferes in the ability of the law firm to continue to represent Mr. Mumma in this Bankruptcy case pending before the Court. The client has failed to substantially fulfill his obligations to counsel regarding a lawyer's services and has been given several and reasonable warning that your undersigned will seek to withdraw from the

---

[5] The court granted Attorney Winterhalter's motion to withdraw on January 24, 2020. (Doc. 24.)

> representation unless the committed obligation is fulfilled. The client has not indicated an ability or desire to honor such obligations but has continued to insist your undersigned provide additional legal services.

(*Id.* ¶ 6.)

Attorney Winterhalter's representation to the bankruptcy court as well as his lack of filings on Mumma's behalf in the appeal lead to the reasonable inference that there may have been miscommunications between Mumma and Attorney Winterhalter regarding the scope of Attorney Winterhalter's representation of Mumma at the time Mumma filed the appeal. Such miscommunications could have caused Mumma to reasonably believe that Attorney Winterhalter was not representing him, and that he could therefore properly file an appeal as an unrepresented litigant. Given this lack of clarity as to the scope of Attorney Winterhalter's representation at the time when Mumma filed his appeal, the court will exercise its discretion in favor of denying Double M's motion to dismiss based on the "hybrid representation" argument.

### B. The Trustee's Motion to Dismiss Is Denied

The Trustee's motion to dismiss seeks dismissal of the appeal for failure to comply with the rules applicable to bankruptcy appeals. (Doc. 10.) Specifically, the Trustee argues that the appeal should be dismissed because Mumma failed to comply with Federal Rule of Bankruptcy Procedure 8009, which required Mumma to file a designation of record and a statement of issues for the appeal. (*Id.* at 2–3.)

Mumma did not file a brief in opposition to the Trustee's motion to dismiss. Instead, he filed a designation of the record and a statement of issues to be presented the day after the Trustee file a brief in support of the motion to dismiss. (Doc. 12.)

Under Rule 8009 of the Federal Rules of Bankruptcy Procedure, an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days of his notice of appeal becoming effective. Fed. R. Bankr. P. 8009(a)(1).

An appellant's failure to follow Rule 8009 or any other Federal Rule of Bankruptcy Procedure "does not affect the validity of the appeal," but does allow a district court "to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(1). The decision of whether to dismiss a bankruptcy appeal for failure to comply with the Federal Rules of Bankruptcy Procedure is left to the discretion of the district court. *In re Ruiz*, 776 F. App'x 750, 752 (3d Cir. 2019). In deciding whether to involuntarily dismiss an appeal, the district court's decision should be guided by the six factors listed provided in *Poulis v. State Farm*

*Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).[6]  *E.g.*, *In re Prommis Holdings, LLC*, 665 F. App'x 238, 240 (3d Cir. 2016).

Here, it is undisputed that Mumma did not timely file a designation of record and a statement of issues for the appeal. Nevertheless, his filing of the required documents the day after the Trustee filed a brief in support of the motion to dismiss suggests that his failure to timely file them was a reasonable oversight rather than a dilatory or bad faith action. The court will accordingly exercise its discretion in favor of denying the Trustee's motion to dismiss. The court notes, however, that if Mumma elects to proceed as a self-represented litigant, he will be expected to familiarize himself with all applicable rules and follow them.

## CONCLUSION

For the foregoing reasons, the Appellees' motions to dismiss (Docs. 2, 10) are denied. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: January 31, 2020

---

[6] *Poulis* provides that a district court should consider: "(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Poulis*, 747 F.2d at 868 (emphasis in original).