# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. MUMMA, II, | : | Civil No. 1:19-CV-01194 |
| Appellant, | : | |
| v. | : | |
| DOUBLE M DEVELOPMENT, *et al.*, | : | |
| Appellees. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is an appeal from four orders entered by the United States Bankruptcy Court for the Middle District of Pennsylvania. Before the court are two motions to dismiss the appeal as moot as it pertains to three of the four orders. For the reasons that follow, the motions are granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2017, Mann Realty Associates, Inc. ("Mann Realty") filed for Chapter 11 bankruptcy.[1] *In re Mann Realty Assocs., Inc.*, No. 1:17-BK-01334 (Bankr. M.D. Pa. Mar. 31, 2017).[2] At the time of the filing of the Chapter 11 cases, Appellant Robert M. Muma, II ("Mumma") was the principal of Mann

---

[1] As United States District Judge John E. Jones, III has noted in a previous appeal, this case has a very complicated and detailed procedural history, which includes a relevant procedural history in Pennsylvania state court going back nearly 25 years. *Mann Realty Assocs., Inc. v. Double M Dev.*, No. 1:17-CV-01225, 2017 WL 6508809, at *1 n.1 (M.D. Pa. Dec. 20, 2017). In the interest of brevity and clarity, the court will only provide the factual and procedural history that is relevant to the instant motions to dismiss.

[2] Citations to the record of the underlying bankruptcy case shall be in the following format in this opinion: (Bankr. Doc. 1 at 1.).

1

Realty. (Doc. 35 at 2.) The bankruptcy proceeding was subsequently converted from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy on January 25, 2018. (Bankr. Doc. 269.)

On January 26, 2018, Markian R. Slobodian ("the Trustee") was appointed to serve as the Chapter 7 Trustee in the bankruptcy proceeding. (Bankr. Doc. 272.) The Trustee subsequently filed a motion for private sale of a 109.65-acre property ("the quarry property") that Mann Realty owned in Dauphin County, Pennsylvania. (Bankr. Doc. 387.) The Trustee amended the motion on November 21, 2018, providing, among other things, details of the quarry lease that had applied to the property. (Bankr. Doc. 489.)

On February 6, 2019, the quarry property was put up for public auction. (Bankr. Doc. 604 at 3 [hereinafter "the sale order"].) Appellee Byler Holdings, LLC ("Byler") won the auction with a bid of $5,050,000.00. (*Id.*) The bankruptcy court approved the Trustee's motion to sell the property on May 22, 2019, approving the sale of the quarry property to Byler for $5,050,000.00.[3] (*Id.* at 4.)

In the sale order, the bankruptcy court found that the quarry property had been exposed to the real estate market; that the property had been sold through a public auction that complied with the requirements of *Abbotts Dairies of PA, Inc.*,

---

[3] Detailed statements of the facts and procedural history relevant to the quarry sale can be found in the briefs supporting the instant motions to dismiss. (*See* Docs. 35, 45.) None of the parties dispute these statements.

2

788 F.2d 143 (3d Cir. 1986); that Byler had submitted the high bid at the public auction of $5,050,000.00; that notice of the public auction had been given to all creditors and interested parties; that Byler was a disinterested party and qualified as a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m); that the appraised value of the property was $5,560,000.00; and that Byler's purchase price was more than 75% of the appraised value. (*Id.* at 3–4.)

Mumma filed a motion for reconsideration of the sale order on June 4, 2019. (Bankr. Doc. 609.) Three days later, he moved to stay the sale. (Bankr. Doc. 612.) The court denied both motions on June 27, 2019. (Bankr. Docs. 632–33.)

Mumma filed the instant appeal on July 11, 2019, appealing (1) the sale order (Bankr. Doc. 604 at 3); (2) the order denying the motion for reconsideration of the sale order (Bankr. Doc. 632); and (3) the order denying the motion to stay the sale (Bankr. Doc. 633).[4] (Doc. 1.) Appellee Double M Development ("Double M"), a creditor in the underlying bankruptcy action, filed a motion to dismiss the appeal on July 22, 2019. (Doc. 2.) The Trustee followed suit by filing a motion to dismiss the appeal on August 16, 2019. (Doc. 10.) The case was reassigned to the undersigned pursuant to a verbal order from Chief United States District Judge

---

[4] Mumma also appealed an order granting the Trustee's motion to withdraw an adversarial proceeding that had been filed as part of the bankruptcy proceeding. That portion of the appeal is not at issue in the instant motions to dismiss. Additionally, although the appeals were originally docketed as two separate cases, they have since been consolidated. (*See* Doc. 29.)

3

Christopher C. Conner on November 14, 2019. On January 31, 2020, the court denied the two motions to dismiss. (Docs. 27–28.)

The sale of the quarry property became final on February 14, 2020. (*See* Trustee's Exhibits P–S, Doc. 43 at 319–48.) Following the sale, Double M and the Trustee both moved to dismiss as moot the portions of Mumma's appeal that related to the sale. (Docs. 34, 36.) Byler moved to join Double M's motion to dismiss on March 4, 2016, and Appellee S&T Bank moved to join both motions to dismiss on March 9, 2016. (Docs. 46–47.) The court subsequently granted both motions for joinder. (Doc. 49.)

Mumma filed a brief opposing the motions to dismiss on March 18, 2020. (Doc. 48.) Mumma's brief does not dispute the fact that the sale of the quarry property was finalized on February 14, 2020, nor does it make any substantive legal arguments as to why the motions should be denied. (*Id.*) Instead, Mumma notes that the basis of his appeal from the bankruptcy court is "that the parties are engaged in a conspiracy to 'Bust Out' his interest in Pennsy Supply Inc. and rights to engage in the central Pennsylvania aggregates, asphalt and concrete businesses." (*Id.* at 2.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1334, which grants district courts original jurisdiction over bankruptcy proceedings. 28 U.S.C. § 1334; *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 665 (2015).

## DISCUSSION

The instant motions to dismiss are based on Section 363(m) of the United States Bankruptcy Code, which states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) moots a challenge to a sale if (1) the purchaser at the sale purchased the property "in good faith"; (2) "the underlying sale or lease was not stayed pending the appeal"; and (3) "the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." *In re Pursuit Capital Mgmt., LLC*, 874 F.3d 124, 135 (3d Cir. 2017).

The second and third elements of the above analysis are clearly met in the present case. It is undisputed that the bankruptcy court denied Mumma's motion to stay the sale pending the appeal. (*See* Bankr. Doc. 633.) An order from this court reversing or modifying the authorization to sell would also clearly affect the

validity of the sale because the sale has been finalized. (*See* Trustee's Exhibits P–S, Doc. 43 at 319–48.)

As for the question of good faith, a purchaser acts in good faith if he "purchases in 'good faith' and for 'value.'" *Pursuit Capital*, 874 F.3d at 135 (quoting *Abbotts Dairies*, 788 F.2d at 147). Because the question of good faith is a factual question, a district court reviews a bankruptcy court's good faith finding under a clearly erroneous standard of review. *Id.*; *see also Campbell v. Conway*, 611 B.R. 38, 43 (M.D. Pa. 2020) (noting that district courts acting on appeal from bankruptcy courts "review basic and inferred facts under the clearly erroneous standard"). Here, the bankruptcy court concluded that Byler was a good faith purchaser, *see* Bankr. Doc. 604 at 3–4, and Mumma has not disputed that conclusion. (*See* Doc. 48.) The court has reviewed the bankruptcy court's good faith finding under the clearly erroneous standard and agrees with the bankruptcy court that Byler purchased the quarry property in good faith. Accordingly, because all the elements of the statutory mootness analysis are met, the court concludes that the portions of Mumma's appeal relating to the sale of the quarry property are moot. *See Pursuit Capital*, 874 F.3d at 135.

## CONCLUSION

For the foregoing reasons, the motions to dismiss are granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 7, 2020