IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. MUMMA, II, | : | Civil No. 1:19-CV-01194 |
| Appellant, | : | |
| v. | : | |
| DOUBLE M DEVELOPMENT, *et al.*, | : | |
| Appellees. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

This is an appeal from the United States Bankruptcy Court for the Middle District of Pennsylvania that was originally based on four orders issued by the bankruptcy court. This court previously dismissed the appeal as moot as to three of the four orders. The case is now before the court for consideration of the one non-moot portion of the appeal. For the reasons that follow, the appeal is denied.

### **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 31, 2017, Mann Realty Associates, Inc. ("Mann Realty") filed for Chapter 11 bankruptcy.[1] *In re Mann Realty Assocs., Inc.*, No. 1:17-BK-01334 (Bankr. M.D. Pa. Mar. 31, 2017).[2] At the time of the filing of the Chapter 11

---

[1] As United States District Judge John E. Jones, III has noted in a previous appeal, this case has a very complicated and detailed procedural history, which includes a relevant procedural history in Pennsylvania state court going back nearly 25 years. *Mann Realty Assocs., Inc. v. Double M Dev.*, No. 1:17-CV-01225, 2017 WL 6508809, at *1 n.1 (M.D. Pa. Dec. 20, 2017). In the interest of brevity and clarity, the court will only provide the factual and procedural history that is relevant to the issue currently before the court.

[2] Citations to the record of the underlying bankruptcy case shall be in the following format in this opinion: (Bankr. Doc. 1 at 1.).

1

cases, Appellant Robert M. Muma, II ("Mumma") was the principal of Mann Realty. (Doc. 35 at 2.) The bankruptcy proceeding was subsequently converted from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy on January 25, 2018. (Bankr. Doc. 269.)

On April 13, 2017, one of the creditors in the bankruptcy proceeding, Double M Development ("Double M"), filed a motion for relief from the automatic stay of litigation under 11 U.S.C. § 362.[3] (Bankr. Doc. 11.) Double M's motion was based on an option contract that it had exercised for the purchase of 35.12 acres of real estate from a trust owned by Mumma in 1996. (*Id.* ¶ 8.) The trust allegedly refused to comply with the option contract, leading Double M to initiate an equity proceeding to enforce the contract in the Dauphin County Court of Common Pleas. (*Id.*) While the equity proceeding was ongoing, the real estate in question was transferred to Mann Realty. (*Id.* ¶ 12.) The equity proceeding was still wending its way through a series of decisions and appeals in the Pennsylvania state court system when Mann Realty filed for bankruptcy in 2017. (*Id.* at 2–7.) Double M argued that the procedural history of the state court litigation provided sufficient cause to lift the automatic stay of litigation under 11 U.S.C. § 362. (*Id.* at 7–9.)

---

[3] 11 U.S.C. § 362 provides that all judicial proceedings filed against a debtor are automatically stayed upon the debtor's filing for bankruptcy.

On May 11, 2017, following a hearing on Double M's motion, the bankruptcy court granted the motion in part, lifting the stay and allowing the equity proceeding in Pennsylvania state court to proceed. (Bankr. Doc. 46.) Mann Realty filed a motion for reconsideration of the bankruptcy court's order on May 24, 2017, which the bankruptcy court denied on June 29, 2017. (Bankr. Docs. 50, 67.) Mann Realty then appealed the denial of the motion for reconsideration to the district court. (Bankr. Doc. 81.) The appeal was ultimately denied by an order from Judge Jones. (Bankr. Doc. 236.)

On October 17, 2017, Mann Realty initiated an adversarial proceeding in connection with the underlying bankruptcy proceeding against Double M.[4] (Bankr. Doc. 181.) The complaint in the adversarial proceeding alleged that Double M had willfully violated the bankruptcy court's order lifting the automatic stay of the Pennsylvania state court litigation. (*Id.* at 1.) Specifically, Mann Realty alleged that about a month after the bankruptcy court's order lifting the automatic stay, Double M had noticed a parcel of land for a sheriff's sale that was owned by Mann Realty and that was not at issue in the ongoing state court litigation. (*Id.* at 3.) Mann Realty argued that such a sale contravened the terms of

---

[4] The adversarial proceeding is docketed at *Mann Realty Assocs., Inc. v. Double M. Dev.*, 1:17-AP-00172 (Bankr. M.D. Pa. filed Oct. 17, 2017). Citations to the docket in the adversarial proceeding will take the following form: (Adv. Doc. 1 at 1.)

the bankruptcy court's order, which only lifted the stay as to the ongoing state court litigation. (*Id.* at 3–4.)

On January 26, 2018, Markian R. Slobodian ("the Trustee") was appointed to serve as the Chapter 7 Trustee in the bankruptcy proceeding. (Bankr. Doc. 272.) The Trustee subsequently filed a motion for private sale of a 109.65-acre property ("the quarry property") that Mann Realty owned in Dauphin County, Pennsylvania. (Bankr. Doc. 387.) The Trustee amended the motion on November 21, 2018, providing, among other things, details of the quarry lease that had applied to the property. (Bankr. Doc. 489.)

On February 6, 2019, the quarry property was put up for public auction. (Bankr. Doc. 604 at 3 [hereinafter "the sale order"].) Appellee Byler Holdings, LLC ("Byler") won the auction with a bid of $5,050,000.00. (*Id.*) The bankruptcy court approved the Trustee's motion to sell the property on May 22, 2019, approving the sale of the quarry property to Byler for $5,050,000.00. (*Id.* at 4.)

Mumma filed a motion for reconsideration of the sale order on June 4, 2019. (Bankr. Doc. 609.) Three days later, he moved to stay the sale. (Bankr. Doc. 612.) The bankruptcy court denied both motions on June 27, 2019. (Bankr. Docs. 632–33.)

While litigation on the sale of the quarry property was ongoing in the underlying bankruptcy proceeding, the adversarial proceeding that Mann Realty

had filed against Double M continued.  On May 21, 2019, however, the Trustee filed a motion to withdraw the adversarial proceeding, noting that he saw "little benefit to the estate" in pursuing the adversarial proceeding, along with substantial risk to the estate.  (Adv. Doc. 24 at 2.)  The bankruptcy court granted the Trustee's motion to withdraw the adversarial proceeding on June 27, 2019, and dismissed the proceeding.  (Adv. Doc. 39.)

Mumma filed the instant appeal on July 11, 2019, appealing (1) the sale order (Bankr. Doc. 604 at 3); (2) the order denying the motion for reconsideration of the sale order (Bankr. Doc. 632); (3) the order denying the motion to stay the sale (Bankr. Doc. 633); and (4) the order granting the motion to withdraw the adversarial proceeding (Adv. Doc. 39).  (Doc. 1.)

Double M filed a motion to dismiss the appeal on July 22, 2019.  (Doc. 2.) The Trustee followed suit by filing a motion to dismiss the appeal on August 16, 2019.  (Doc. 10.)  The case was reassigned to the undersigned pursuant to a verbal order on November 14, 2019.  On January 31, 2020, the court denied the two motions to dismiss.  (Docs. 27–28.)

The sale of the quarry property became final on February 14, 2020.  (*See* Trustee's Exhibits P–S, Doc. 43 at 319–48.)  Following the sale, Double M and the Trustee both moved to dismiss as moot the portions of Mumma's appeal that related to the sale.  (Docs. 34, 36.)  The court granted the motions to dismiss on

5

April 7, 2020, dismissing Mumma's appeal as moot to the extent that it appealed the sale order, the order denying the motion for reconsideration of the sale order, and the order denying the motion to stay the sale. (Docs. 50–51.) The case accordingly proceeded only as to Mumma's appeal of the order granting the motion to withdraw the adversarial proceeding. (*See* Doc. 51.) The court set a briefing schedule on the same day with regard to the non-moot portion of the appeal. (Doc. 52.)

Mumma filed a brief in support of the non-moot portion of his appeal on April 21, 2020. (Doc. 54.) The Trustee and Double M both filed opposition briefs on May 4, 2020, and Mumma filed a reply brief on June 3, 2020. (Docs. 56–57, 71.) With briefing on the appeal having concluded, it is now ripe for the court's disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1334, which grants district courts original jurisdiction over bankruptcy proceedings, and under 28 U.S.C. § 158, which allows district courts to hear appeals from cases that have been referred to a United States bankruptcy court.

## DISCUSSION

The sole issue remaining in this appeal is whether the bankruptcy court erred by granting the Trustee's motion to withdraw the adversarial proceeding. (*See*

Docs. 50–51.)  Mumma has not presented any legal argument on this basis, instead focusing his briefing on numerous issues regarding property sales that have already been extensively litigated and decided by the bankruptcy court, Pennsylvania state courts, this court, and other courts in this district.  (*See* Docs. 54, 71.)  For their part, Appellees argue that the bankruptcy court's decision should be upheld under the standards set forth in *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  (*See* Docs. 56–57.)  The court agrees with Appellees.

A bankruptcy court's decision to approve the settlement of an adversarial proceeding is reviewed for abuse of discretion.[5]  *Martin*, 91 F.3d at 391.  Under that standard, the district court should not disturb the bankruptcy court's decision "unless there is a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006) (internal alterations omitted) (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 320 (3d Cir. 2001)).

---

[5] Although the Trustee technically withdrew, rather than settled, the adversarial proceeding, the bankruptcy court treated the issue as one of settlement because of the effect it would have on the parties to the underlying bankruptcy proceeding.  (*See* Adv. Doc. 41 at 4.)  As the Trustee correctly points out, however, the standard for approving a proposed settlement is "more stringent" than the standard for approving a withdrawal.  (*See* Doc. 56 at 6 n.3 (citing *In re Varona*, 388 B.R. 705, 726–27 (Bankr. E.D. Va. 2008)).)  The court will accordingly accept the bankruptcy court's characterization of the Trustee's action as a settlement and review the bankruptcy court's order approving the action under that more exacting standard.

When a bankruptcy court reviews the settlement of an adversarial proceeding, it should consider four factors: "(1) the [estate's] probability of success in [the adversarial proceeding]; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393.

The bankruptcy court in this case presented its findings on the motion to withdraw the adversarial proceeding in open court on June 27, 2019. (*See* Adv. Docs. 39, 41.) The bankruptcy court thoroughly analyzed the four factors set out in *Martin* and determined that settlement of the adversarial proceeding was appropriate. (*See* Doc. 41.) Given the bankruptcy court's thorough analysis of the issue and Mumma's failure to provide any argument as to how the bankruptcy court erred, this court finds that the bankruptcy court did not abuse its discretion in approving the withdrawal of the adversarial proceeding.

## CONCLUSION

For the foregoing reasons, the remaining portion of Mumma's appeal is denied. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: August 21, 2020